**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**DANIEL P. TAYLOR,**

                               **Petitioner,**

                    v.                             **9:16-CV-1210
                                                           (FJS/CFH)**

**BRUCE YELICH,**

                               **Respondent.**

_____

**APPEARANCE**

**DANIEL P. TAYLOR**
**14-A-4043**
Bare Hill Correctional Facility
Caller Box 20
Malone, New York 12953
Petitioner *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

      Petitioner Daniel P. Taylor filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with a motion to stay the petition pending the outcome of his state-court proceedings. *See* Dkt. No. 1, Petition; Dkt. No. 1-1, Copy of State Court Papers ("State Papers"). Petitioner has also filed an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 3, IFP Application. Petitioner is currently confined at Bare Hill Correctional Facility.

      Based on Petitioner's certified IFP Application, the Court finds that he is eligible to proceed with this action without paying the statutory filing fee. Therefore, the Court grants his IFP

Application.[1]

Petitioner challenges a 2013 judgment of conviction in Saratoga County Court of Assault in the Second Degree and Criminal Possession of a Weapon in the Fourth Degree. *See* Petition at 2. His conviction was affirmed on June 5, 2014, and the New York State Court of Appeals denied leave to appeal on July 30, 2014. *See id.*; *see also People v. Taylor*, 118 A.D.3d 1044 (3d Dep't), *lv denied* 23 N.Y.3d 1043 (2014).

Petitioner states that he filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law ("C.P.L.") § 410.10 on October 26, 2015, which Saratoga County Court summarily denied on June 30, 2016. *See* Petition at 3; State Papers at 6-7. According to Petitioner, he sought leave to appeal the denial of his C.P.L. § 440.10 motion to the Appellate Division, Third Department, on August 12, 2016. *See* Petition at 3. According to Petitioner, his application for leave to appeal is still pending in the Appellate Division, Third Department. *See id.*

Petitioner raises the following grounds for relief: (1) he was denied the effective assistance of trial counsel, and (2) the County Court's refusal to address the merits of his C.P.L. § 440.10 motion "denied [him] both effective assistance of counsel and due process." *See* Petition at 5.

Petitioner also seeks a stay of the petition until the review of his claims in state court has concluded. *See* Petition at 1-2. Petitioner asserts that this petition is a "protective" petition within the meaning of *Pace v. DiGuglielmo*, 544 U.S. 408, 416-417 (2005), and that he filed his petition to ensure that it was timely under the AEDPA. Petitioner states that he filed his section 440 motion on October 26, 2015, two days before the statute of limitations under the AEDPA was set to expire; and he is

---

[1] The Court advises Petitioner that, although the Court has granted his IFP Application, he will still be required to pay fees that he may incur in the future regarding this action, including but not limited to copying fees ($.50 per page).

concerned that, if he waits for the state court to complete review of his claims prior to filing this petition, the petition may be untimely. *See* Petition at 1-2.

Under *Pace v. DiGuglielmo*, a prisoner seeking state post-conviction relief may file a protective petition in federal court and ask the court "to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. at 416 (citing *Rhines v. Weber,* 544 U.S., at 278, 125 S. Ct. 1528, 1531, 161 L. Ed. 2d 440 (2005)). Generally, when presented with a "mixed petition" containing both exhausted and unexhausted claims, a district court may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *See Rhines v. Weber,* 544 U.S. 269, 277 (2005); *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," then the district court "should stay, rather than dismiss, the mixed petition." *Rhines*, 544 U.S. at 278 (citation omitted). The court must consider both the timeliness of any subsequent petition if the petition were dismissed and the impact of the AEDPA's limitations on second or successive petitions in determining the proper disposition of the petition. *See Zarvela,* 254 F.3d at 378-79. If the court determines that dismissal would "'jeopardize the timeliness of a collateral attack,'" it should stay the petition and condition the stay upon petitioner both filing in state court and returning to federal court within a specified time period. *See id.* at 380 (quotation and other citation omitted).

Under the circumstances presented in this case, the Court finds that a stay is warranted. For purposes of 28 U.S.C. § 2244, a state conviction generally becomes "final" when the United States Supreme Court denies certiorari or when the time to seek certiorari has expired, which is ninety days after the date that the highest court in the state has completed its direct review of the case. *See*

*Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009); *Williams v. Artuz,* 237 F.3d 147, 151 (2d Cir. 2001). Petitioner's conviction became final on October 28, 2014, ninety days after the New York Court of Appeals denied leave to appeal. Petitioner had one year, or until October 28, 2015, to file a timely habeas petition. Petitioner filed his section 440 motion on October 26, 2015, two days before the AEDPA's one-year statute of limitations was set to expire, thereby tolling the limitations period while the motion is pending. *See* Petition at 1-3.

Dismissal of the petition without prejudice at this point would likely result in any future petition being subject to dismissal as time-barred under the AEDPA, as petitioner would only have two days left to file the petition. Additionally, the Court cannot say, based on the submissions before it and the fact that Petitioner's application for leave to appeal his Section 440 motion is currently pending in the Appellate Division, that Petitioner's unexhausted claims are plainly meritless, and it does not appear that Petitioner has engaged in any dilatory tactics. *See Pace*, 544 U.S. at 416; *Rhines*, 544 U.S. at 277. Accordingly, the Court grants Petitioner's motion to stay his petition.

Federal courts should not, however, be turned into a "'jurisdictional parking lot'" for unexhausted claims. *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (quoting *Baity*, 2002 WL 31433293 at *2); *see also Raucci v. Kirkpatrick*, No. 9:16-CV-0031, 2016 WL 204495, *3 (N.D.N.Y. Jan. 15, 2016) (citation omitted). As such, Petitioner must advise the Court in writing **every thirty (30) days** of the status of the pending state-court proceedings, including the date on which any decisions are reached in those proceedings. **Within thirty (30) days** of the date on which the final state court capable of reviewing Petitioner's applications has reached a decision,[2] Petitioner must notify

---

[2] To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the
(continued...)

the Court in writing of the decision(s).  The Court cautions Petitioner that, if he fails to comply with the terms of this Memorandum-Decision and Order, the Court will immediately lift the stay and direct the Clerk of the Court to return the file to this Court for further proceedings.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Petitioner's IFP Application, *see* Dkt. No. 3, is **GRANTED**; and the Court further

**ORDERS** that Petitioner's motion to stay the petition, *see* Dkt. No. 10, is **GRANTED**; and the Court further

**ORDERS** that Petitioner must advise the Court, in writing, **every thirty (30) days** of the status of the pending state-court proceedings, including the date on which any decision(s) are reached; and the Court further

**ORDERS** that, **within thirty (30) days** of the date on which the final state court capable of reviewing Petitioner's applications has reached a decision, Petitioner must notify the Court, in writing, of that decision; and the Court further

---

[2](...continued)
habeas corpus petition.  Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan [v. Henry*, 513 U.S. 364,] 365-66, 115 S. Ct. 887 [(1995)]) (other citation omitted).

**ORDERS** that, if Petitioner fails to comply with the terms of this Memorandum-Decision and Order, the stay shall be immediately lifted, and the Clerk of the Court shall return the file to this Court for further proceedings; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: October 31, 2016
Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge