UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL P. TAYLOR,

                              **Petitioner,**

                 v.                                      9:16-CV-1210
                                                          (FJS/CFH)

**BRUCE YELICH,**

                              **Respondent.**
_____

**APPEARANCES**

**DANIEL P. TAYLOR**
**14-A-4043**
Bare Hill Correctional Facility
Caller Box 20
Malone, New York 12953
Petitioner *pro se*

**SCULLIN, Senior Judge**

## ORDER

       On October 6, 2016, Petitioner Daniel P. Taylor filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* Dkt. No. 1, Petition.  Petitioner also requested that the Court stay the petition pending the outcome of his motion in state court for leave to appeal the denial of his motion to vacate the judgment of conviction pursuant to New York Criminal Procedure Law § 440.10.  *See id.* at 1-2.

       In a Memorandum-Decision and Order, filed on October 31, 2016, the Court granted Petitioner's request to stay this action and directed him to advise the Court in writing, every thirty days, of the status of his pending state-court proceedings, including the date on which any decisions were reached in those proceedings.  *See* Dkt. No. 5, Memorandum-Decision and Order, filed

October 31, 2016, at 3-4.  The Court also cautioned Petitioner that, if he failed to comply with this requirement, the Court would immediately lift the stay for further proceedings.  *See id.* at 5.

Between November, 2016, and October, 2017, Petitioner filed status reports concerning his state-court proceedings in compliance with this Court's Memorandum-Decision and Order.  *See* Dkt. Nos. 6-17.  Most recently, on October 16, 2017, Petitioner advised the Court that the New York State Supreme Court, Appellate Division, Third Department, had heard his motion and that he was awaiting a decision.  *See* Dkt. No. 17, Status Report, filed October 16, 2017.

Petitioner was required to file a status report on November 16, 2017, but, as of the date of this Order, he has not done so.  However, the Court notes that, based on publicly available information, it appears that the Third Department has issued a decision granting Petitioner's motion, vacating the judgment of conviction, and remitting Petitioner's case to the Saratoga County Court for a new trial.  *See People v. Taylor*, ___ N.Y.S.3d ___, 2017 WL 4969478, *1-*6 (3d Dep't Nov. 2, 2017).[1]

Since Petitioner has failed to file a status report as the Court required and because it appears that Petitioner has received a favorable decision in the pending state-court proceedings, the Court will lift the stay in the present action and return this case to the Court's active docket.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that the stay in this action is lifted; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Petitioner in

---

[1] The Third Department concluded that Petitioner had received ineffective assistance of counsel at trial.  *See Taylor*, 2017 WL 4969478, at *4-*6.  The Court does not know whether Petitioner has been, or will be, released from custody as a result of the Third Department's decision or whether he will be subject to retrial.

accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall serve copies of this Order, the petition, *see* Dkt. No. 1, and Petitioner's state-court papers, *see* Dkt. No. 1-1, on Respondent and the Attorney General of the State of New York in accordance with Local Rule 72.4(e); and the Court further

**ORDERS** that Respondent shall file and serve an answer to the petition and provide the Court with the relevant records[2] within sixty (60) days of the date of this Order.  Respondent may limit his response to addressing the present procedural posture of Petitioner's state-court proceedings and whether those proceedings have rendered moot Petitioner's habeas petition in this action;[3] and the Court further

**ORDERS** that Petitioner may, but is not required to, file a reply within thirty (30) days of the filing date of Respondent's answer.  If Petitioner chooses to file a reply, such reply must not exceed fifteen (15) pages in length, excluding exhibits; and Petitioner shall limit the arguments contained in his reply to addressing the arguments that Respondent raises in his answer and memorandum of law in opposition to the petition.  The Court will not consider any new grounds for relief or other legal theories that Petitioner asserts in his reply that he did not previously assert in his petition.  If Petitioner does not file a reply or a request for an extension of time within thirty (30) days of the filing date of Respondent's papers, he may forfeit his opportunity to file a reply; and the

---

[2] Respondent must arrange the records in chronological order, sequentially number them, and ensure that they conform fully with the requirements of Local Rule 72.4.  Respondent shall also mail copies of any decisions he cites that are exclusively reported on computerized databases, *e.g.*, Westlaw, Lexis, to Petitioner; but he does not need to file copies of those decisions with the Court.  *See* N.D.N.Y. L.R. 7.1(a)(1).

[3] In his petition, Petitioner requested, with respect to relief, that the Court order his release from custody "if, within sixty days of this Court's order, [the State of New York] ha[d] not provided [him] with a new trial."  *See* Petition at 9.

Court further

**ORDERS** that, upon the filing of Petitioner's reply, if any, or after the deadline to file a reply has expired, the Clerk of the Court shall forward the file to the Court for further review; and the Court further

**ORDERS** that the parties shall file all pleadings, motions or other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367.  The parties must accompany any document they file with the Court with a certificate setting forth the date on which they mailed a true and correct copy of the same to all opposing parties or their counsel.  The Court will strike any filing that does not include a proper certificate of service.  Petitioner must comply with any requests of the Clerk's Office for any documents that are necessary to maintain this action.  Petitioner must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address.  His failure to do so may result in the dismissal of this action.  All parties must comply with Rule 7.1 of the Court's Local Rules of Practice when filing motions, which they are to make returnable on any business day with proper allowance for notice as the Local Rules require.  The Court will decide all motions on the papers with no appearance and without oral argument unless the Court orders otherwise.

**IT IS SO ORDERED.**

Dated: December 8, 2017
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge