**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

DANIEL P. TAYLOR,

                             Petitioner,

              v.                                           No. 9:16-CV-1210
                                                        (FJS/CFH)

BRUCE YELICH,

                         Respondent.

_____

**APPEARANCES:**                         **OF COUNSEL:**

Daniel P. Taylor
14-A-4043
Bare Hill Correctional Facility
Caller Box 20
Malone, New York 12953
Petitioner pro se

Attorney General for the               JAMES FOSTER GIBBONS, ESQ.
State of New York                    Assistant Attorney General
New York Office
28 Liberty Street
New York, New York 10005
Attorney for Respondent

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

      Presently pending before the Court is a petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254 by petitioner pro se Daniel P. Taylor ("petitioner"), formerly an

inmate in the custody of the New York Department of Correction and Community

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to
28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Supervision ("DOCCS").  Dkt. No. 1 ("Pet.").  On June 27 2013, after a jury trial, petitioner was convicted of assault in the second degree and criminal possession of a weapon in the fourth degree.  Id. at 2.  Petitioner was sentenced to seven years imprisonment on the assault charge, and one year imprisonment on the weapons charge.  Id.  On October 6, 2016, petitioner filed a pro se petition seeking a writ of habeas corpus on the grounds that petitioner's trial counsel was ineffective.  Id. at 5-8.  Respondent opposes the petition, and seeks dismissal on the grounds that petitioner's petition is now moot.  Dkt. No. 32.  For the reasons that follow, it is recommended that the petition be denied as moot.

## I. Background

On June 27, 2013, after a trial in Saratoga County Court, a jury convicted petitioner of second-degree assault and fourth-degree criminal possession of a weapon.  See Pet. at 2.  The Appellate Division, Third Department affirmed the judgment, and, on July 30, 2014, the Court of Appeals denied leave to appeal.  See People v. Taylor, 118 A.D.3d 1044 (N.Y. App. Div. 2014), lv. denied, 23 N.Y.3d 1043 (N.Y. 2014).  On October 6, 2016, petitioner filed a petition for a writ of habeas corpus alleging ineffective assistance of trial counsel.  See Pet.  In the petition, petitioner acknowledged that his state remedies had not been exhausted, as his New York C.P.L. § 460.15 motion was pending in state court.  Id. at 1.  Thus, petitioner requested that the Court stay his petition until his state remedies were exhausted.  See id.

On October 31, 2016, the Court granted petitioner's request for a stay, and instructed petitioner to advise the Court in writing every thirty days of the status of the state court

2

proceedings. Dkt. No. 5. On November 2, 2017, the New York State Appellate Division, Third Department found petitioner's trial counsel ineffective, and vacated the judgment of his conviction and remitted petitioner's case to Saratoga County Court for a new trial. See People v. Taylor, 156 A.D.3d 86 (N.Y. App. Div. 2017); Dkt. No. 18. The People's application for leave to appeal to the New York Court of Appeals was denied on February 1, 2018. See People v. Taylor, 30 N.Y.3d 1120 (N.Y. 2018); Dkt. No. 27 at 2. On March 1, 2018, petitioner entered into a negotiated guilty plea to one count of assault in the second degree in satisfaction of the indictment, and was sentenced to time served. See Dkt. No. 27-2 at 2.

This Court directed respondent to file an answer to the petition and stated that respondent may "limit his response to addressing the present procedural posture of [p]etitioner's state court proceedings and whether those proceedings have rendered [his] habeas petition moot in this action[.]" Dkt. Nos. 18, 28. On June 25, 2018, respondent filed a response, arguing that petitioner's "petition should be dismissed as moot because the judgment challenged therein has been vacated and petitioner has been released from custody." Dkt. No. 32-1 at 4.

## II. Discussion

"Mootness is a jurisdictional matter relating to the Article III requirement that federal courts hear only 'cases' or 'controversies.'" Blackwelder v. Safnauer, 866 F.2d 548, 550 (2d Cir.1989) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "A case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest

3

in the outcome.'" Hunter v. Gibson, 534 F. Supp. 2d 395, 398 (W.D.N.Y. 2008) (quoting Blackwelder, 866 F.2d at 551). If a case fails to satisfy the "case or controversy" requirement at any stage of the proceedings, the court must dismiss the case as moot. See Gutierrez v. Laird, No. 05-CV-5135 (DLI), 2008 WL 3413897, at *1 (E.D.N.Y. Aug. 8, 2008) (citing Kamagate v. Ashcroft, 385 F.3d 144, 150 (2d Cir. 2004)). However, it has been held that "[u]nconditional release from custody does not render the matter moot if there are any significant collateral consequences as a consequence of the conviction." Caroselli v. Smith, 665 F. Supp. 2d 104, 110 (N.D.N.Y. 2009) (citing Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). Thus, "a habeas petition challenging a criminal conviction is rendered moot by a release from imprisonment 'only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction.'" Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002) (quoting Sibron v. New York, 392 U.S. 40, 57 (1968)).

In his petition, petitioner requested that his convictions be vacated, and that the Court "order[ ] that the State release [him] from custody if, within sixty days of this Court's order, it ha[d] not provided [him] with a new trial." Pet. at 9. Plaintiff received that relief through the Third Department's 2017 decision vacating the judgment of his convictions. See People v. Taylor, 156 A.D.3d 86 (N.Y. App. Div. 2017); Dkt. No. 18. The Court of Appeals denied leave to appeal, and, as respondent notes, the People's time to seek certiorari to the United States Supreme Court has expired. See People v. Taylor, 30 N.Y.3d 1120 (N.Y. 2018); Dkt. No. 27 at 2; Dkt. No. 32-1 at 8 (citing U.S. Sup. Ct. Rule 13). Thus, the only relief that could be provided by this Court has already been granted. See id.

4

As respondent argues, petitioner no longer has a personal stake in the outcome of this litigation, as his "[p]rior counsel's performance at the now-nullified 2013 trial cannot have affected petitioner's 2018 guilty plea." Dkt. No. 32-1 at 8; see Arthur v. DHS/ICE, 713 F. Supp. 2d 179, 182 (W.D.N.Y. 2010) ("[W]hen the parties have no legally cognizable interest or practical personal stake in a dispute and a court is therefore incapable of granting a judgment that will affect the legal rights as between the parties, there is mootness in the constitutional sense."). Thus, this Court is unable to order the 2018 judgment vacated due to any improprieties that occurred during the 2013 trial. See Dkt. No. 32-1 at 8.

Moreover, the undersigned notes that petitioner has failed to communicate with the Court since October 16, 2017; as such, he has not demonstrated that he continues to suffer a concrete injury-in-fact. See Spencer v. Kemma, 523 U.S. 1, 7 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole — some 'collateral consequence' of the conviction — must exist if the suit is to be maintained."); So v. Reno, 251 F. Supp. 2d 1112, 1121 (E.D.N.Y. 2003) ("In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a concrete and continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ must exist.") (internal quotation marks omitted). In reviewing the record, the undersigned finds that such a showing has not been made herein. Linares v. Barkley, No. 9:09-CV-1191 (DNH/RFT), 2010 WL 4962998, at *3 (N.D.N.Y. Oct. 8, 2010) (recommending dismissal of the petitioner's habeas petition where he failed to demonstrate that he continued to suffer from a concrete injury-in-fact still existed). Thus, because "[p]etitioner has received all the relief

5

that this Court could provide in this proceeding, the matter complained of is not capable of repetition yet evading review, and there are no collateral consequences at bay," it is recommended that petitioner's petition be dismissed as moot. Id.

### III. Conclusion

For the reasons stated herein, it is hereby,

**RECOMMENDED**, that petitioner's petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED as moot**; and it is further

**RECOMMENDED**, that no certificate of appealability should be issued with respect to any of petitioner's claims as petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

6

DATED:     September 20, 2018
               Albany, New York

Christian F. Hummel
U.S. Magistrate Judge